**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>USTREAM, INC.,<br><br>        Defendant. | **JURY TRIAL DEMANDED**<br><br>CASE NO. 6:15-CV-230-RWS-JDL |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), within thirty (30) days after the Scheduling Conference (i.e., by August 21, 2015), and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct names of the parties to the lawsuit;
    B   the name, address, and telephone number of any potential parties;
    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E.  any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F.  any settlement agreements, assignments, patent licenses, or covenants not to sue relevant to the subject matter of this action;
    G.  any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

   A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
   B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], by October 16, 2015, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and
   C. within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** Each party is limited to four testifying expert witnesses. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A. The expert's name, address, and telephone number;
   B. The subject matter on which the expert will testify;
   C. A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
   D. If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
   E. If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:
      (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
      (2) the expert's current resume and bibliography;
      (3) The parties shall be excused from furnishing an expert report of treating physicians unless reasonably requested to do so by another party.

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

4.  **Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs 1 – 3, together with 35 interrogatories per side, and 35 requests for admissions per side.[1]  Also permitted are the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of each party's expert witnesses, and no more than 50 hours of third party depositions per side.  Fact depositions of party witnesses will be limited to eight depositions of each party.  Each inventor deposition shall be limited to a maximum of fourteen (14) hours.  All other depositions shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.  Depositions of expert witnesses shall be limited to seven (7) hours per expert per report.[2]  "Side" means a party or a group of parties with a common interest, including any consolidated defendants.  Any party may later move to modify these limitations for good cause.

5.  **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6.  **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A.  The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    B.  The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

---

[1] There shall be no limit, however, on the number of requests for admission per side directed solely to the authentication of documents and things.

[2] For example, an initial report and rebuttal report prepared by a single expert constitutes two reports and entitle the parties to two depositions of said expert.

    C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

11. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

12. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties

        asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

13. **Protective Orders.** A party may request that the Court issue the Court's Standard Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

14. **Hearing Notebooks.** The Court requires *Markman* and Summary Judgment notebooks, as stated in the Docket Control Order. The moving party shall provide to the Court two binders containing the briefing in its entirety (opening motion/brief, response, reply, and, if applicable, surreply), in addition to associated exhibits. Binders shall be appropriately tabbed. In addition, claim construction briefing and any motions for summary judgment of invalidity for indefiniteness shall be provided to the technical advisor if one has been appointed. Otherwise, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

15. **Electronic Discovery and Production.** The parties are to meet and confer to agree on any electronic discovery and production issues. The parties shall then submit an agreed ESI order by the deadline set forth in the Scheduling Order. Should the parties disagree on any issues, the parties shall submit competing proposals to the Court pursuant to the deadline outlined in the Order setting a status/scheduling conference. The Court may consider said issues on the papers, schedule a telephone conference to assist in resolving the dispute, or address any arguments during the status/scheduling conference. Parties should refer to Appendix P of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.

16. **Proposed Stipulations by the Parties Regarding Discovery:**

    A. No party shall be required to identify on their respective privilege logs any document or communication created or occurring after the filing of the initial Complaint.
    B. No party shall be required to identify on their respective privilege logs any document or communication between outside litigation counsel and their client, that, absent this stipulation, the party would have been obligated to so identify on said privilege log.

DATED:  July 19, 2015                    Respectfully Submitted,


                                         By:/s/Charles Ainsworth

                                         Charles Ainsworth
                                         State Bar No.  00783521
                                         Robert Christopher Bunt
                                         State Bar No. 00787165
                                         PARKER, BUNT & AINSWORTH, P.C.
                                         100 E. Ferguson, Suite 1114
                                         Tyler, TX 75702
                                         903/531-3535
                                         903/533-9687
                                         E-mail: charley@pbatyler.com
                                         E-mail: rcbunt@pbatyler.com

                                         **ATTORNEYS FOR PLAINTIFF
                                         ROTHSCHILD BROADCAST
                                         DISTRIBUTION SYSTEMS, LLC**

                                         */s/ Jennifer H. Doan with permission by Charles Ainsworth*
                                         Jennifer H. Doan
                                         Texas Bar No. 08809050
                                         HALTOM & DOAN
                                         6500 Summerhill Road
                                         Suite 100
                                         Texarkana, TX 75503
                                         Telephone: (903) 255-1000
                                         Facsimile: (903) 255-0800
                                         Email:  jdoan@haltomdoan.com

                                         Brent D. McCabe
                                         Texas Bar No. 24088004
                                         HALTOM & DOAN
                                         4975 Preston Park Blvd., Suite 625
                                         Plano, TX 75093
                                         Telephone: (469) 814-0433
                                         Facsimile: (469) 814-0422
                                         Email:  bmccabe@haltomdoan.com

        Anne Ortel
        Ustream, Inc.
        410 Townsend St., Ste. 400
        San Francisco, CA 4107
        Telephone: (415) 489-9400
        Facsimile: (415) 489-9399
        Email:  aortel@ustream.tv

        **ATTORNEYS FOR DEFENDANT**
        **USTREAM, INC.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of July, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

        */s/ Charles Ainsworth*
        Charles Ainsworth